**STATE of Utah, Plaintiff and Respondent,**

v.

**Richard Alan BEACH, Defendant and Appellant.**

No. 18419.

Supreme Court of Utah.

March 24, 1983.

Tyrone E. Medley, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

After a pretrial hearing in which the trial court ordered the prosecution to respond to a defense request for discovery, the defendant, his counsel, and the prosecution executed and filed a stipulation of facts. The defendant, in open court and with counsel, knowingly waived a jury trial and submitted his case based on such stipulated facts. The charge was theft by extortion in violation of U.C.A., 1953, § 76–6–406, in an amount in excess of $1,000. This is a second degree felony under U.C.A., 1953, § 76–6–412(1)(a)(i). Based on the stipulated facts, the trial court found defendant guilty of the lesser included offense of attempted extortion, under U.C.A., 1953, § 76–4–102, a third degree felony, and sentenced him for the term provided by statute. This appeal then was taken from the judgment and sentence, on the grounds that defendant had been denied due process, having been represented by incompetent counsel. The point was raised by a defense motion in arrest of judgment filed at the sentence hearing on March 26, 1982. The motion was denied by the trial court. Such denial is cited on appeal as a second issue based on abuse of discretion on the part of the trial court.

The stipulated facts upon which the trial court based its judgment of guilt, and its sentence, briefly are as follows. On October 20, 1981, while shopping with his grandfather, Danny Davis, a young boy, was abducted and has not been seen since. In December following, the defendant called Danny's grandfather several times, demanding a $20,000 ransom for Danny's return, failing which Danny would not be found alive. The demand was reduced to $10,000, then $6,000. The telephone calls were all tape recorded. Finally, a package purporting to contain $6,000, but actually containing only $30, was left outside a door, as designated. The package was later found opened and its contents discarded in

a stairway leading to the roof of the hotel in which defendant was a guest. There was no evidence as to who had discarded the package.

On the day of the trial, March 10, 1982, the trial court, finding nothing in the facts to reflect who had control of the abandoned package or its contents, found that defendant was guilty of the lesser included offense of attempted extortion. The minute entry entered by the court reads as follows:

Thereupon, the case is argued to the court by respective counsel, submitted, and the court having considered and now being fully advised in the premises, finds the defendant did with specific intent, attempted [sic] to obtain $6,000 from Clarence Davis and did so by threatening to subject Danny Davis to restraint and with the purpose of depriving Clarence Davis of $6,000 .... Sentencing March 26, at 9:30.

On the date of sentencing, March 26, 1982, all interested parties being present, the defendant was advised as follows:

This being the time fixed for passing of sentence ... [t]he deft. is now asked if he has any legal cause to show why sentence should not be passed ..., [and] [t]he defendant answering he has none, judgment and sentence is [sic] pronounced as follows: "It is the judgment and sentence of this court that you Alan Richard Beach, be confined and imprisoned ... for the indeterminate term of 0 to 5 yrs. as provided by law for the crime of attempted theft by extortion."

The minute entry then recited the denial of the motion in arrest of judgment, and the granting of defense counsel's request to withdraw after sentencing. It is significant that the motion in arrest, the affidavits of defendant and his own attorney claiming the latter's inadequacy, and the motion to withdraw were all executed on March 25, 1982, the day *before* sentence. The documents were filed the next day, March 26, 1982, *after* the sentencing.

Defendant's counsel said he filed the motion to arrest judgment because he did not include in the written stipulation of facts, the fact that defendant had told him that defendant received the package and discarded its contents (including the $30) in the stairwell. Counsel furthermore said that he incompetently advised defendant that the only issue at trial would be that of "value," and that the sum of $30 would call for conviction only of a Class B misdemeanor under U.C.A., 1953, § 76–6–412(1)(d).

There is nothing in the record to indicate that counsel independently had the power to include such facts in the stipulation, nor that the trial judge would have believed such facts even had they been incorporated in the stipulation. The judge could have believed such facts or not as he chose. The facts would have posed, at best, another possible lesser included offense. The remainder of the stipulated facts, believed by the court, fully and convincingly called for a conviction of the greater of the two lesser included offenses.

One must respect the apparent candor of defense counsel. Nevertheless, the facts overwhelmingly support the trial court's conclusion that Richard Alan Beach "did, with specific intent, attempt to obtain $6,000 from Clarence Davis and did so by threatening to subject Danny Davis to restraint and with the purpose of depriving Clarence Davis of $6,000."

The judgment and sentence are affirmed.

STEWART, J., concurs in the result.